UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

QAISAR KHAN,
an individual,

          CASE No.: 8:16-cv-01950-EAK-MAP

    Plaintiff,

vs.

SFP OAK RAMBLE, LLC,
a Delaware Limitied Liablity Company,

    Defendant.
_____/

## **DEFENANT'S ANSWERS AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant, SFP OAK RAMBLE, LLC, by and through its undersigned counsel, hereby files this Answer and Affirmative Defenses to the Complaint as follows:

1. Defendant admits that this Court has subject matter jurisdiction of Title III Americans with Disabilities Act claims generally, otherwise denied.

2. Defendant admits the allegations in paragraph 2 of Plaintiff's Complaint.

3. Defendant is without knowledge and therefore denies the allegations in paragraph 3 of Plaintiff's Complaint.

4. Defendant is without knowledge and therefore denies the allegations in paragraph 4 of Plaintiff's Complaint.

5. Defendant is without knowledge and therefore denies the allegations in paragraph 5 of Plaintiff's Complaint.

6. Defendant admits that it is the owner and/or operator of the subject real property, otherwise denied.

7. Defendant is without knowledge and therefore denies the allegations in paragraph 7 of Plaintiff's Complaint.

## COUNT I
### Violation of Title III of the Americans with Disabilities Act

8. Defendant re-alleges its responses to paragraphs 1 through 7 of the Complaint.

9. Defendant admits to the allegation in paragraph 9 of Plaintiff's Complaint.

10. Defendant is without knowledge and therefore denies the allegations in paragraph 10 of Plaintiff's Complaint.

11. Defendant is without knowledge and therefore denies the allegations in paragraph 11 of Plaintiff's Complaint.

12. Defendant is without knowledge and therefore denies the allegations in paragraph 12 of Plaintiff's Complaint.

13. Defendant is without knowledge and therefore denies the allegations in paragraph 13 of Plaintiff's Complaint.

14. Defendant denies the allegations in paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the allegations in paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegations in paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations in paragraph 17 of Plaintiff's Complaint.

18. Defendant admits that Plaintiff is a tester, otherwise denied.

19. Defendant denies the allegations in paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations in paragraph 20 of Plaintiff's Complaint.

21. Defendant admits that Plaintiff is represented by counsel, otherwise denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE: STANDING

1. Plaintiff does not have Article III standing under the United States Constitution to seek an injunction against Defendant. To bring a cause of action for an injunction against Defendant under the ADA, Plaintiff must allege and prove that he has actually visited and has an intent to return to the subject property. Plaintiff is a serial plaintiff, resident of Pasco county (not Hillsborough where the subject property is located) and an ADA tester only and has no real intention to return to the property to use any services provided or purchase goods.

### SECOND AFFIRMATIVE DEFENSE: LACK OF SUBJECT MATTER JURISDICTION

2. Plaintiff has not suffered an injury-in-fact at the hands of the Defendant. Moreover, there is no case or controversy between Plaintiff and Defendant. As such, this Court lacks jurisdiction over this matter.

### THIRD AFFIRMATIVE DEFENSE: FAILURE TO PERFORM CONDITIONS PRECEDENT

3. Plaintiff has failed to meet all conditions precedent to the filing of this action. In failing to ever request or demand an accommodation from Defendant prior to filing the instant action or demand and receive "actual notice" that Defendant did not intend to comply with the relevant ADA provisions, Plaintiff has failed to perform all conditions precedent to the filing of this action.

## FOURTH AFFIRMATIVE DEFENSE: <br> <u>UNCLEAN HANDS</u>

4. In this action, Plaintiff is seeking to invoke the extraordinary equitable powers of this Court notwithstanding his failure to act in equity, as shown by:

a. Plaintiff's failure to ever request or demand an accommodation from Defendant prior to filing this lawsuit;

b. Plaintiff's failure to put Defendant on notice of any alleged architectural barriers that impeded the access of any disabled individuals prior to filing suit;

c. Plaintiff's failure to provide Defendant an opportunity to address any alleged impediments to its accommodations prior to the filing of this lawsuit;

d. Plaintiff's failure to investigate whether the structure at issue was constructed before or after January 26, 1993;

e. Many of the listed alleged architectural barriers that have little or no connection with Plaintiff's encounter while visiting the property;

f. Plaintiff's filing of this lawsuit is plainly an attempt to generate attorney's fees and recover those fees from Defendant;

g. Plaintiff's filing of numerous lawsuits similar to the instant action (i.e. predatory lawsuits against small businesses seeking injunctive relief and attorney's fees for alleged violations of Title III of the ADA and there is no bona fide intent to return to Defendant's premises for personal use;

h. Defendant's accommodations are easily accessible to persons in wheelchairs;

    i. Plaintiff has misled this Court that he intended to use Defendant's property in the past and in the future for his own personal benefit. Rather, Plaintiff is merely a tester whose sole purpose is to bring vexatious lawsuits that that churn up attorneys' fees and expert fees; and

    j. Upon information and belief, the expert fees collected for Plaintiff's counsel's expert are contingent and dependent upon the success of the lawsuit, which is contrary to law.

As such, Plaintiff is barred under the doctrine of unclean hands from obtaining the equitable relief sought.

### FIFTH AFFIRMATIVE DEFENSE: GOOD FAITH

5. Defendant has, at all times relevant hereto, attempted, in good faith, to comply with the relevant ADA requirements, which good faith should be taken into account, in accordance with 42 U.S.C. § 12188(5). Defendant's accommodations are easily accessible to persons in wheelchairs.

### SIXTH AFFIRMATIVE DEFENSE: MOOTNESS

6. Even to the extent any portion of Defendant's Property was inaccessible to individuals with disabilities prior to the filing of this action, to the extent Defendant has altered its accommodations in compliance with the ADA, Plaintiff's action is moot.

### SEVENTH AFFIRMATIVE DEFENSE: NOT READILY ACHIEVABLE

7. As to the alleged violations in paragraph 14 and alleged potential "other violations" in paragraph 15, the requests made by Plaintiff are either technically infeasible or not readily achievable under the Americans with Disabilities Act ("ADA").

Moreover, in some respects, the building that is allegedly in violation contains pre-existing environmental conditions that prevent strict compliance with the ADA or would result in violations or the local or state building codes.

WHEREFORE, Defendant, SFP OAK RAMBLE, LLC, demands judgment in its favor wherein the Plaintiff, QAISAR KHAN, takes nothing in this action.  In addition, Defendant demands judgment for the reasonable attorney's fee it has incurred in defending this action, including litigation expenses and costs pursuant to 42 U.S.C. § 12205, 28 U.S.C. § 1927 and any other relief, both legal and equitable, that this Court deems proper.

*/s/ Robert L. Chapman*
Robert L. Chapman
Robert@chapmanlegalgroup.com
Joanna@chapmanlegalgroup.com
Florida Bar No. 64748
**Chapman Legal Group, P.A.**
3225 W. Macdill Ave., Suite 129-148
Tampa, Florida  33629
Telephone:  (727) 748-5083
Facsimile:  (727) 748-5083
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 16, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to:

Louis K. Mussman, Esq.
Brian T. Ku, Esq.
Ku & Mussman, P.A.
12550 Biscayne Blvd.
Suite 406
Miami, FL 33181
louis@kumussman.com

*/s/ Robert L. Chapman*
Attorney